SCOTT E. BRADFORD, OSB #062824
United States Attorney
District of Oregon
**SCOTT M. KERIN, OSB # 965128**
Assistant United States Attorney
Scott.Kerin@usdoj.gov
1000 S.W. Third Avenue, Suite 600
Portland, OR 97204-2902
Telephone: (503) 727-1000
Attorneys for United States of America

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | 3:24-cr-00176-IM |
| v. | **GOVERNMENT'S SENTENCING MEMORANDUM** |
| JOSE ARAGON JR., | |
| **Defendant.** | |

The government asks the Court to impose a sentence of 27 months' imprisonment, to be followed by a term of supervised release.

The defendant, a courier for a drug trafficking organization, was involved in transporting approximately 13.45 kilograms of a mixture and substance containing methamphetamine, an incredibly addictive, destructive, and deadly poison that has been wreaking havoc upon the community. Given the nature of the case, defendant's minimal role as a drug courier, his advisory sentencing guidelines, the societal harm caused by methamphetamine, and the

///

**Government's Sentencing Memorandum** **Page 1**

defendant's criminal history, as well as his personal history and characteristics, the government believes the requested sentence is both reasonable and justified.

## A.    Summary of Proceedings.

On December 10, 2025, the defendant, after previously waiving his right to be indicted by the grand jury, pled guilty to Count 1 of an Information which charged him with engaging in a Conspiracy to Distribute and Possess with Intent to Distribute Methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846.  The maximum sentence the Court may impose is a term of life imprisonment, fine of $10,000,000, and at least five years of supervised release.  There is a potential mandatory minimum sentence of ten years' imprisonment.  There is also a $100 fee assessment.

A Presentence Report (PSR) has been completed.  The government believes the facts underlying the defendant's count of conviction (PSR ¶¶ 24 - 27), Sentencing Guideline calculations (PSR ¶¶ 32 - 41), and Criminal History (PSR ¶¶ 44 - 45)  are accurately outlined in both the PSR and plea agreement.

In his plea agreement defendant admitted that:

> [B]eginning on or about an unknown date, and continuing until on or about April 1, 2024, within the District of Oregon and elsewhere, while working as a courier for a larger drug trafficking organization, he conspired with others to distribute and possess with intent to distribute approximately 13.45 kilograms of methamphetamine.  Methamphetamine is a Schedule II controlled substance.  Trained drug investigators would testify that the amount of methamphetamine seized indicates that it was intended for purposes of further distribution.

Plea Agreement ¶ 6.

The defendant is out of custody on pretrial supervision.

**Government's Sentencing Memorandum**                                      **Page 2**

**B.**    **Sentencing Guideline Calculations.**

The Court, "in determining the particular sentence to be imposed," is required to consider the "sentencing range established" by the U.S. Sentencing Guidelines.  18 U.S.C. § 3553(a)(4). "The Guidelines are 'the starting point and the initial benchmark,'. . . and are to be kept in mind throughout the process." *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008) (quoting *Kimbrough v. United States*, 552 U.S. 85, 108 (2007)).  "All sentencing proceedings are to begin by determining the applicable Guideline range." *Id*.

Based upon the amount of methamphetamine the defendant was transporting the parties agree that his initial Base Offense Level is 34, pursuant to USSG § 1B1.3 and 2D1.1(a).  PSR ¶ 32, Plea Agreement ¶ 8.  Due to defendant's minimal role as a drug courier, as noted below, this offense level should be then reduced to Level 30.  PSR ¶ 32, Plea Agreement ¶ 10(B).

Based upon the defendant's role in the offense, which was that of a courier for a drug trafficking organization, the government believes the defendant qualifies for a four-level role reduction for conduct that can be described as a minimal participant, pursuant to USSG §§ 3B1.2(a) and 2D1.1(e)(2)(B)(i).  PSR ¶ 35, Plea Agreement ¶ 10(A).  The four-level minimal role reduction is designed to be applied to those operating "among the lowest level of drug trafficking functions, such as serving as courier, running errands, sending or receiving phone calls or messages, or acting as a lookout."  USSG § 2D1.1(e)(2)(B)(i).  In addition to the four-level role reduction, qualification as a minimal participant also caps the defendant's Base Offense Level at 30, pursuant to USSG § 2D1.1(a)(5).

The defendant does not qualify for either Safety Valve relief or as a "Zero-Point Offender."  *See* Plea Agreement ¶¶ 9 and 12.

**Government's Sentencing Memorandum**                                                    **Page 3**

Based upon defendant's guilty plea and acceptance of responsibility, pursuant to USSG § 3E1.1, the parties ask that the Court grant the defendant a three-level reduction in his offense level.  PSR ¶¶ 39 - 40, Plea Agreement ¶ 11.

Prior to any additional departures or variances, the government believes defendant's initial Adjusted Offense Level is 23.  With a Criminal History Category of II, defendant's initial advisory sentencing guideline range would be 51 to 63 months' imprisonment.

Pursuant to 18 U.S.C. § 3553(a), based upon the nature of the offense, the history and characteristics of the defendant, defendant's indication at an early stage in the proceedings about his desire to resolve his case, how similarly situated defendants have been handled by the USAO and the courts, and to achieve a fair and just resolution of the case, the government will recommend that the Court to grant the defendant a two-level downward variance in his overall offense level.  Plea Agreement ¶ 13.

The government's additional two-level 3553(a) reduction would result in an Adjusted Offense Level of 21 and with a Criminal History Category of II, the defendant's advisory sentencing guideline range would be between 41 to 51 months' imprisonment.

## C.    Government's Recommended Sentence.

Pursuant to 18 U.S.C. § 3553(a) and the information contained in the materials submitted to the Court in advance of sentencing, we ask the Court to impose a sentence of 27 months' imprisonment, to be followed by a term of supervised release.

The defendant was transporting, for purposes of further distribution, a large amount of methamphetamine, an extremely addictive and destructive poison that has been wreaking havoc upon the community for years.  Within the community, inside our courtrooms, and inside our

jails we constantly see reminders of just how corrosive methamphetamine is upon society.

According to law enforcement:

> Fentanyl and methamphetamine remain the primary drug threats, affecting community livability and contributing to drug-related overdose deaths and criminal activity, including crimes against persons and property in the HIDTA region.  In 2023, fentanyl was linked to 75.9% of overdose deaths in Oregon and 51% in Idaho.  Methamphetamine was present in 63.5% of Oregon's overdose deaths and 38% of Idaho's.  Together, these two substances accounted for 41.3% of overdose fatalities in both states.

OREGON-IDAHO HIGH INTENSITY DRUG TRAFFICKING AREA (HIDTA) 2026 THREAT ASSESSMENT, 2025, at 5 (https://oridhidta.org/reports).

Accordingly, after evaluating the competing sentencing factors outlined in 18 U.S.C. § 3553(a) which include the nature and circumstances of the offense; the defendant's characteristics; the defendant's criminal history involving a felony firearm offense; the need for the sentence imposed to reflect the seriousness of the offense; the need for the sentence to promote respect for the law; the need for the sentence to afford adequate deterrence to criminal conduct; the need for the sentence to provide just punishment for the offense; the need to protect the public from further crimes of the defendant; and, the need to provide the defendant with

///

///

///

**Government's Sentencing Memorandum**                                    **Page 5**

needed training or other corrective treatment, we believe a sentence of 27 months' imprisonment

is reasonable.  We ask the Court to impose it, to be followed by a term of supervised release.

At the time of sentencing we will ask the Court to dismiss Count 2.

There is an appeal waiver.

Dated: May 6, 2026.                                         Respectfully submitted,

                                                                    SCOTT E. BRADFORD
                                                                    United States Attorney


                                                                    /s/ *Scott Kerin*


                                                                    SCOTT M. KERIN, OSB # 965128
                                                                    Assistant United States Attorney